UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA ABRAHAM WHITE,<br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br>    Defendant. | Civil Action No.<br>25-10582-NMG |

**ORDER**

GORTON, J.

Now before the Court is a short "Emergency Injunction Request" filed by FMC Devens prisoner Joshua Abraham White. For the reasons set forth below, the Court DENIES the motion and orders that this action be dismissed without prejudice.

In the motion, White asks that the Court put a "freeze on all anti-transgender policies" being implemented in the prison, including denial of laser hair removal for the face and the projected denial of hormone placement treatment. (Docket # 1 at 2). White asks for this relief "so the mental health of the plaintiff will continue to be stable until the courts rule on the legality of President Trump and the FBOP's transgender policies." Id.

White did not file a pleading (i.e., a complaint or petition) with the motion. A civil action commences with the filing of a signed pleading, in which the litigant provides the

factual basis for their claim, such as dates and descriptions of relevant events.[1] The pleading may include a request for an injunction. However, if a litigant seeks injunctive relief prior to the final resolution of the case, they must also file a separate motion for a preliminary injunction identifying the relief sought and an accompanying memorandum providing factual and legal support for the motion. In determining whether a preliminary injunction is warranted, courts consider four factors: (1) "the movant's likelihood of success on the merits"; (2) "whether and to what extent the movant will suffer irreparable harm in the absence of preliminary injunctive relief"; (3) "the balance of relative hardships, that is, the hardship to the nonmovant if enjoined as opposed to the hardship to the movant if no injunction issues"; and (4) "the effect, if any, that either a preliminary injunction or the absence of one will have on the public interest." Ryan v. U.S. Immigr. & Customs Enf't, 974 F.3d 9, 18 (1st Cir. 2020). "The movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus." Id.

Because White did not file a pleading and the motion for an injunction cannot be construed as such, the Court cannot take any action on this motion.

---

[1] In very limited circumstances not applicable here, the Court may provisionally construe a pro se motion as a pleading if it appears that some relief may be required pending receipt of a pleading.

Accordingly, the motion for an emergency injunction (Docket # 1) is DENIED and this action is DISMISSED without prejudice. If White wishes to pursue this matter in a federal court, White may commence a new action.

**So ordered.**

Dated: 07/28/2025

Nathaniel M. Gorton
United States District Judge